CROSS KEYS PUBLISHING CO., INC., Seventh Son Music, Mattie Ruth Musick, Wenaha Music Company, Ram's Horn Music, Polygram International Publishing, Inc., and Doors Music Company, Plaintiffs,

v.

WEE, INC., and Violet Hayes, Defendants.

No. 2:94–CV–339.

United States District Court, W.D. Michigan, Southern Division.

Oct. 4, 1995.

480

Sandra L. Jasinski, Honigman, Miller, Schwartz & Cohn, Lansing, MI, for Cross Keys Publishing, Co., Inc., Seventh Son Music, Mattie Ruth Musick, Wenaha Music Co., Ram's Horn Music, Polygram International Publishing, Inc., Doors Music Company.

Violet E. Hayes, Skandia, MI, Pro Se.

### OPINION

QUIST, District Judge.

This is an action for copyright infringement brought under 17 U.S.C. § 501 *et seq.* The matter is presently before the Court on plaintiffs' Motion for Default Judgment against defendant Wee, Inc. pursuant to Fed. R.Civ.P. 55(b). Plaintiffs seek a judgment awarding statutory damages, costs and attorney's fees and an injunction prohibiting defendant Wee, Inc. from performing any music in the repertory of the American Society of Composers, Authors and Publishers without proper authorization.

### FACTS

Plaintiffs are members of the American Society of Composers, Authors and Publishers (ASCAP) and they own the copyrights in five musical compositions that are the subject of this suit. Defendant Wee, Inc. operates the Idle Time Bar, formerly known as the Lantern Inn, in Skandia, Michigan. On September 23, 1994, defendant committed copyright infringement by performing these musical compositions "live" at the Idle Time Bar without authorization. Plaintiffs filed this action against defendant Wee, Inc. but defendant did not answer the complaint. On March 17, 1995, the clerk entered a default against Wee, Inc. Plaintiffs now seek a default judgment and appropriate relief.[1]

Plaintiffs have submitted the affidavit of John S. Kroninger, District Manager for the ASCAP. His affidavit states that Wee, Inc. was offered an ASCAP license agreement on July 22, 1988. Defendant did not sign a license and despite several additional con-

---

1. Defendant Wee, Inc. is neither an infant, in-  competent or a member of the military service.

tacts by ASCAP representatives, defendant refused to obtain an ASCAP license for The Idle Time Bar. Mr. Kroninger estimates that if the Idle Time Bar were licensed it would owe approximately $2,800.00 in license fees. Defendant's unlawful conduct has required ASCAP to incur approximately $933.00 in out-of-pocket expenses.[2] In his affidavit, Mr. Kroninger also states that defendant "continues to be a knowing and deliberate infringer." Kroninger aff. at ¶ 11.

Plaintiff has also submitted the affidavit of Sandra L. Jasinski, an attorney. She states that ASCAP has incurred attorney's fees and costs in the amount of $3,262.89.

## DISCUSSION

### Injunctive Relief

■ Plaintiffs are entitled to an injunction prohibiting defendant from unlawfully infringing plaintiffs' copyrights. 17 U.S.C. § 502(a) provides:

Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

Mr. Kroninger's affidavit establishes that defendant Wee, Inc. continues to perform ASCAP music at the Idle Time Bar without an ASCAP license. Because the plaintiffs in this action represent the interests of all ASCAP members, this Court will enter an order enjoining defendant from performing any musical composition licensed through ASCAP. *See Brockman Music v. Miller*, No. G89–40650–CA, 1990 WL 132486 (W.D.Mich. March 28, 1990); *Brockman Music v. Mass. Bay Lines, Inc.*, 1988 Copyright Law Dec. ¶¶ 26,259, 26,269, 1988 WL 100420 (D.Mass. 1988).

### Statutory Damages

■ 17 U.S.C. § 504(c)(1) provides in part:

[T]he copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action,

with respect to any one work ... in a sum of not less than $500 or more than $20,000 as the court considers just.

Trial courts have wide discretion in setting damages within this statutory range. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952). In determining the amount of damages a court may consider several factors including:

the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind whether willful, knowing, or merely innocent.

*Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980). In awarding statutory damages, a court may also take into consideration the goal of discouraging wrongful conduct.

[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but is also designed to discourage wrongful conduct.

*F.W. Woolworth*, 344 U.S. at 233, 73 S.Ct. at 225.

■ The plaintiffs in this case offer no proof of actual damages. Rather, they request the Court award damages of $1,750.00 per infringement for a total of $8,750.00. This Court believes that an award of $1,500.00 per infringement is supported by the evidence and will serve to deter defendant from continuing its wrongful conduct. The record reveals that defendant refused to obtain a license and, despite repeated warnings, continued to violate the Copyright Law. Had The Idle Time Bar been properly licensed defendant would owe approximately $2,800.00 in license fees. This Court will

---

**2.** This amount includes the cost of hiring independent investigators.

award statutory damages in the amount of $8,750.00.

### Costs and Attorney's Fees

 17 U.S.C. § 505 provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Supreme Court recently stated that the prevailing party in a copyright case is not automatically entitled to recover attorney's fees. Rather attorney's fees may be awarded at the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Thus we reject both the "dual standard" adopted by several of the Courts of Appeals, and petitioner's claim that § 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party. Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified."

*Id.* at ——, 114 S.Ct. at 1033 (citation omitted). The *Fogerty* opinion noted several nonexclusive factors that could be used by courts to guide their discretion. The factors include frivolousness, motivation, objective unreasonableness and deterrence. *Id.* at —— n. 19, 114 S.Ct. at 1033 n. 19.

In this case, the affidavit of plaintiffs' counsel states that ASCAP has incurred $3,262.89 in costs and attorney's fees. After due consideration, this Court will exercise its discretion under 17 U.S.C. § 505 and allow the recovery of all of the costs and attorney's fees incurred by plaintiff. This Court does not believe that the defendant in this case was merely naive in failing to obtain a license. According to the record, the defendant deliberately elected to operate its establishment without an ASCAP license despite numerous attempts to convince him to comply with the copyright laws. This Court will award costs and attorney's fees in the amount of $3,262.89.