PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-5257

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/20/99
THOMAS  K. KAHN
CLERK

D. C. Docket No. 91-2629-CIV-KMM

MITEK HOLDINGS, INCORPORATED and
MITEK INDUSTRIES, INCORPORATED

                              Plaintiffs-Counter-Defendants-Appellants,

    versus

ARCE ENGINEERING COMPANY, INCORPORATED,

                              Defendant-Counter-Claimant-Appellee,

EMILIO SOTOLONGO,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 20, 1999)**

Before BIRCH and DUBINA, Circuit Judges, and SMITH[*], Senior District Judge.

BIRCH, Circuit Judge:

_____

[*] Honorable C. Lynwood Smith, U.S. District Judge for the Northern District of Alabama, sitting by disignation.

Plaintiffs MiTek Holdings, Inc. and MiTek Industries, Inc. ("MiTek") appeal from an order awarding attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505,[1] to Defendant Arce Engineering Co., Inc. ("Arce"). We VACATE and REMAND for reevaluation of the attorney's fees issue.

## I. Procedural History

On November 15, 1991, MiTek filed its complaint alleging copyright infringement under the Copyright Act,17 U.S.C. § 101 et seq. Following a bench trial, the district court entered judgment for Arce on MiTek's claim for copyright infringement and denied MiTek's motion of a preliminary injunction. We affirmed the entry of judgment in favor of Arce. See MiTek Holdings, Inc. v. Arce Eng'g Co., 89 F.3d 1548 (11th Cir. 1996) ("MiTek I"). While MiTek I was pending in this court, the district court referred Arce's request for attorney's fees and costs to a magistrate judge, who recommended that Arce be awarded the full amount of fees requested. In discussing whether MiTek had brought the lawsuit in good faith, the magistrate judge noted:

> [A] review of the record indicates that this case was closely contested
> and required the consideration of sophisticated issues of fact and law.
> The question of the scope of copyright protection for non-literal

---

[1] Section 505 states, in relevant part: "Except as otherwise provided by this title, the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs.

2

elements of computer programs is relatively new, has been litigated only a few times, and has produced varying results in different courts.

R5-145-4-5. The magistrate judge noted that fees could be awarded to a prevailing defendant despite the lack of bad faith on the part of the plaintiff and that the relative abilities of the different parties to pay for the requested attorney's fees could also be considered. See R5-145-5. Because MiTek "appear[s] to be more than capable of funding an award" and because Arce "is a small family owned company with limited resources," the magistrate judge found that "considerations of compensation tip the balance in favor of an award to" Arce. R5-145-5. While Arce had sought attorney's fees to cover 553 hours of work at $250.00 per hour, the magistrate judge recommended that the district court award Arce attorney's fees to cover 550 hours of work at $200.00. See R-5-145-7-8. The district court adopted the magistrate judge's report and recommendation in its entirety. See R-5-159. MiTek then brought the instant appeal.

## II. Analysis

In reviewing a district court's decision to grant or deny fees under the Copyright Act, we first determine whether "the district court weighed the relevant factors and exercised its discretion." Montgomery v. Noga, 168 F.3d 1282, 1303 (11th Cir. 1999) (footnote omitted). If the district court weighed the proper

3

factors, then "we will not question the court's decision to grant or deny fees absent an abuse of that discretion." Id.

In Fogerty v. Fantasy, Inc., the Supreme Court stated:

> [W]e reject both the "dual standard" adopted by several of the Courts of Appeals and petitioner's claim that § 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party. Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.

510 U.S. 517, 534, 114 S. Ct. 1023, 1033 (1994). See also Sherry Mfg. Co. v. Towel King of Fla., Inc., 822 F.2d 1031, 1034 (11th Cir. 1987) (applying same rule to prevailing plaintiffs and defendants). Fogerty cited with approval the Third Circuit's list of "several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party" in a Copyright Act case; these factor include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Fogerty, 510 U.S. at 534 n.19, 114 S. Ct. at 1033 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)). However, the Supreme Court limited application of such factors to where they "are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id.

4

Here, the magistrate judge was correct in noting that MiTek's good faith in bringing its suit was not determinative of the issue of attorney's fees. See Sherry Mfg. Co., 822 F.2d at 1034; see also Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir. 1982) (applying § 505 to a prevailing plaintiff's fees demand; "While the defendant's good faith and the complexity of the legal issues involved likely would justify a denial of fees to a successful plaintiff, a showing of bad faith or frivolity is not a requirement of a grant of fees. Rather, the only preconditions to an award of fees is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable.") (citation omitted; emphasis in original). However, the district court erred in considering only the financial means of MiTek and of Arce in determining that MiTek should be liable for Arce's attorney's fees.

While several courts have held that issues of compensation may, in appropriate cases, be considered in ruling on a motion for attorney's fees, see, e.g., Rosciezewski v. Arete Assoc., 1 F.3d 225, 234 (4th Cir. 1993); Lieb, 788 F.2d at 156, we have found no case affirming a grant of attorney's fees based solely on an economic disparity between the prevailing and losing parties. Indeed, the First Circuit has held that differences in financial wealth are irrelevant where both parties are able to pay for the costs of litigation. See Lotus Dev. Corp. v. Borland

5

Int'l Inc., 140 F.3d 70, 75 (1st Cir. 1998). It is unsurprising that no case law supports the proposition that a difference in financial wealth, in and of itself, is sufficient to justify imposition of attorney's fees under § 505. The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works. Fogerty, 510 U.S. at 526-27, 114 S. Ct. at 1029-30 (discussing the varied goals of the Copyright Act); see also Lotus Dev., 140 F.3d at 75 ("When close infringement cases are litigated, copyright law benefits from the resulting clarification of the doctrine's boundaries. But because novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim."). Thus, in determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether imposition of fees will further the goals of the Copyright Act. See, e.g., id. at 74 (affirming denial of attorney's fees despite the

6

claim that the prevailing defendant had "advanced the interest of copyright law by litigating this case all the way through the Supreme Court against an unusually wealthy plaintiff" and had "increased the availability of copyrighted works"). Because the district court did not assess whether imposition of attorney's fees would further the goals of the Copyright Act, we vacate district court's order as to the award of attorney's fees and remand for reevaluation of Arce's fee request.[2]

### III.  Conclusion

We VACATE the award of attorney's fees to Arce and REMAND for further consideration in light of this opinion.

---

[2]  We also decline to address MiTek's argument that the district court erred in adopting the magistrate judge's recommendation as the amount of fees to be assessed.  We note only that, if the district court on remand finds that attorney's fees are appropriate, that the district court should apply the standards discussed in Cable-Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 853-54 & n.37 (11th Cir. 1990) in determining the reasonable fee and should also consider whether the fee should be reduced for partial success as argued by MiTek.