**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2001
THOMAS K. KAHN
CLERK

No. 01-12200

_____

D. C. Docket No. 01-00701-CV-CAP-1

SUNTRUST BANK, as Trustee of the
Stephens Mitchell trusts f.b.o. Eugene
Muse Mitchell and Joseph Reynolds Mitchell,

Plaintiff-Appellee,

versus

HOUGHTON MIFFLIN COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 25, 2001)

Before BIRCH, MARCUS and WOOD*, Circuit Judges.

_____

*Honorable Harlington Wood, Jr., U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

PER CURIAM:

It is manifest that the entry of a preliminary injunction in this copyright case was an abuse of discretion in that it represents an unlawful prior restraint in violation of the First Amendment.

While it falls within the district court's discretion to grant a preliminary injunction, see Mitek Holdings, Inc. v. Arce Eng'g Co., Inc., 189 F.3d 840, 842 (11th Cir. 1999), "[t]he district court does not exercise unbridled discretion." Canal Authority of State of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974); Nnadi v. Richter, 976 F.2d 682, 690 (11th Cir. 1992). Plainly, it must exercise that discretion in light of what we have termed the "four prerequisites for the extraordinary relief of preliminary injunction." West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950, 956 (11th Cir. 1982) (quoting Canal Authority, 489 F.2d at 572.). The prerequisites are: (1) that there is a substantial likelihood plaintiff will prevail on the merits; (2) that there is a substantial threat plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. See Warren Publ'g, Inc. v. Microdos Data Corp., 115 F.3d 1509, 1516 (11th Cir. 1997). We add that a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the

2

movant clearly carries its burden of persuasion on each of these prerequisites. Canal Authority, 489 F.2d at 573.

After thorough review of the entire record, we have concluded that Appellee Sun Trust has failed to make this critical showing, that the district court abused its discretion by granting a preliminary injunction, and that its ruling amounts to an unlawful prior restraint in violation of the First Amendment. Accordingly, we VACATE forthwith the preliminary injunction of the district court. A comprehensive opinion of the court will follow.

It is so ORDERED this 25th day of May, 2001.