**HARRISON MUSIC CORP.,**
**et al., Plaintiffs,**

v.

**Kelemework TESFAYE and**
**Mazagumet Tesfaye,**
**Defendants.**

**No. CIV.A. 01CV02544RJL.**

United States District Court,
District of Columbia.

Sept. 28, 2003.

Benjamin Louis Zelenko, Baach, Robinson, & Lewis, Washington, DC, for Harrison Music Corp., EMI Mills Music, Inc.,

Colgems–Eli Music Inc., Chappell & Co., Inc.

Larry C. Williams, Washington, DC, for Kelemework Tesfaye, Mazagumet Tesfaye.

## Memorandum Opinion and Order

LEON, District Judge.

Before the Court is Plaintiffs' Motion for Summary Judgment for a permanent injunction, statutory damages, and costs, including attorney's fees. Based on the parties' submissions and relevant law, the Court grants Plaintiffs' motion in part and denies it in part.

## I. Background

Defendants, Kelemework Tesfaye and Mazagumet Tesfaye ("Twin Sisters"), owned Twins Lounge, on 5516 Colorado Avenue, NW, Washington, DC, which was a restaurant and lounge featuring jazz and blues music.[1] Compl. ¶ 4. Musicians performed live music at Twins Lounge, Kelemework Tesfaye Dep. at 37, for which the Twin Sisters did not obtain a license agreement from the American Society of Composers, Authors and Publishers ("AS-CAP"), an organization that licenses the performance rights of its members' copyrighted works, Compl. ¶ 12(a). Plaintiffs, Harrison Music Corp., EMI Mills Music, Inc., and Chappell & Co., Inc. ("Harrison Music"), are members of ASCAP, and they have granted ASCAP nonexclusive rights to license nondramatic public performances of their copyrighted musical compositions. Mem. in Support of Pls.' Mot. for Summ. J. at 2. Musicians playing at Twins Lounge performed copyrighted works on five different occasions without the authorization of Harrison Music or ASCAP. Compl. ¶¶ 10–11.

Subsequently, Harrison Music brought this action against Twin Sisters alleging copyright infringement based on Twin Sisters' performances of the copyrighted musical compositions. Compl. at 2. The Twin Sisters admitted liability for copyright infringement for the five causes of action. Am. Answer at 1–2. Therefore, the only issue before the Court is the appropriate remedy. Harrison Music moved for summary judgment, requesting an injunction, costs, and statutory damages. Mot. for Summ. J. at 1–2. Twin Sisters argue that Harrison Music is not entitled to injunctive relief or attorneys fees and that the Court should fashion statutory damages that take into account the circumstances of the defendants. Mem. in Supp. of Defs.' Reply to Pls.' Mot. for Summ. J. at 5–6.

## II. Discussion

Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is a genuine issue of material fact if the evidence is such that a jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, the nonmoving party must set forth specific facts that show a genuine dispute, and it cannot rely on denials of the pleadings or mere allegations. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

This action is amenable to summary judgment because there are no genuine issues of material fact. Twin Sisters admit everything in the complaint, Am. Answer at 1–2, and they submitted no affidavits, depositions, or financial statements to dispute the facts set forth in Harrison Music's exhibits. Therefore, there is not a genuine issue of fact for trial with regard to the

---

1. Twins Lounge is currently closed, and Twin Sisters currently operate Twins Jazz, Inc. at a different location. Mem. in Supp. of Defs.' Reply to Pls.' Mot. for Summ. J. at 2.

defendants' liability. The only remaining question is the type and amount of relief to which Harrison Music is entitled.

## A. Injunctive Relief

The Court has the power to grant temporary and permanent injunctions in actions arising under the Copyright Act of 1976 ("Copyright Act"), as amended, to prevent or restrain copyright infringement. 17 U.S.C. § 502(a) (2003). Harrison Music requests a permanent injunction, prohibiting subsequent performances by Twin Sisters of ASCAP members' copyrighted music. Mot. for Summ. J. at 1; Mem. in Supp. of Pls.' Mot. for Summ. J. at 10. Twin Sisters argue that because Twins Lounge is currently closed, the request for injunctive relief is moot. Mem. in Supp. of Defs.' Reply at 4.

■ A plaintiff in a copyright action is entitled to an injunction when he establishes a threat of continuing infringement. *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C.Cir.1990). Conversely, when a defendant has ceased its infringing actions and shows no inclination to infringe in the future, a court may not issue an injunction. *Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 807 (D.C.Cir. 1987).

■ Harrison Music argues that Twin Sisters will continue to infringe its copyrighted music because Twin Sisters have operated similar establishments for fifteen years and consistently failed to obtain an ASCAP license. Pls.' Reply to Defs.' Reply to Pls.' Mot. for Summ. J. at 10–11; Mot. for Summ. J., Ex. A. Generally, the plaintiffs must present evidence that Twin Sisters will continue to violate copyright laws. Joseph A. Rugare Aff. ¶ 7; *see, e.g.,*

*Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F.Supp. 479, 481 (W.D.Mich.1995) (granting an injunction because the club continued to perform copyrighted music without an ASCAP license). Here, however, Twin Sisters' past infringement is sufficient to show a pattern and propensity to violate copyright law. *Halnat Publ'g Co. v. L.A.P.A., Inc.*, 669 F.Supp. 933, 938 (D.Minn.1987). Therefore, Twin Sisters are enjoined from performing music copyrighted by ASCAP's members without first obtaining a license from ASCAP.[2]

## B. Statutory Damages

A copyright infringer is liable for statutory damages ranging from $750 to $30,000 as a court considers just. 17 U.S.C. § 504(c)(1) (2003). In cases where the infringement was willfully committed, statutory damages may be awarded up to $150,000 per infringement. 17 U.S.C. § 504(c)(2) (2003). Harrison Music requests $3000 in statutory damages per infringement, totaling $15,000. Mot. for Summ. J. at 1–2, while Twin Sisters requests the Court to fashion a lower amount as it sees just. Defs.' Reply to Pls.' Mot. for Summ. J. at 6.

■ Statutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113–14 (2d Cir.2001). In deciding what amount of statutory damages to award, a court should consider the expenses saved and profits reaped by defendant in connection with the infringements, revenues lost by plaintiffs as a result of defendant's conduct, and whether the infringers state of mind was willful, knowing, or innocent. *See, e.g., Cross Keys Publ'g Co., Inc.*, 921

2. The Court has reason to believe that the Twin Sisters have already obtained or are seeking to obtain an ASCAP license. Pls.' Reply to Defs.' Reply to Pls.' Mot. for Summ. J. at 11; Defs.' Answer to Pls.' First Set of Interrogs. at 2.

F.Supp. at 481. An infringer willfully infringes if he has actual knowledge of his infringement or if he recklessly disregards the possibility of infringing a copyright. *Yurman Design, Inc.*, 262 F.3d at 112.

██ Based on Twin Sisters' behavior, statutory damages should be greater than the minimum. Harrison Music repeatedly warned Twin Sisters that they were violating copyright laws and yet they failed to purchase a license, which demonstrates that they at least knew there was a possibility that they were infringing a copyright but disregarded the possibility. Mot. for Summ. J., Ex. 2, Ex. A. Because willful infringement increases the range for statutory damages, Harrison Music should be awarded more than the $750 minimum. Moreover, statutory damages should be at least the amount owed in licensing fees, because otherwise Twin Sisters would be rewarded for copyright infringement. *Crabshaw Music v. K–Bob's of El Paso, Inc.*, 744 F.Supp. 763, 768 (W.D.Texas 1990); *see Int'l Korwin Corp.*, 855 F.2d at 383. The revenues lost by the plaintiffs are $5,316, which is the amount Twin Sisters would have paid in ASCAP license fees. Rugare Aff. ¶ 9. The profits reaped by defendants are minimal, however, especially when considering that they only require a $10 minimum when musicians play, Tesfaye Dep. at 52, and that Twin Sisters' total revenue in 1999 was $77,000, Pls.' Reply to Defs.' Reply to Pls.' Mot. for Summ. J., Ex. A. Therefore, taking into account the amount Twin Sisters should have paid in ASCAP licenses and the willfulness of the infringement, the Court awards Harrison Music $2000 per infringement in statutory damages, making the total statutory damages award $10,000.

## C. Attorney's Fees

Under the Copyright Act, the Court has discretion to award costs, including reasonable attorney's fees, to the prevailing party. 17 U.S.C. § 505 (2003). Harrison Music requests $17,366.44, which includes $15,863 in attorney's fees and $1,503.44 in costs. Zelenko Decl. ¶ 6. Twin Sisters opposes this request as "duplicitous, excessive and largely unnecessary." Mem. in Supp. of Defs.' Reply at 5. The Court finds that costs, including attorney's fees, are appropriate in this case, but that the amount requested by the defendants is excessive.

██ The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Awarding attorney's fees addresses these goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so. *Id.* at 529, 114 S.Ct. 1023; *see also Blackman v. Hustler Magazine, Inc.*, 620 F.Supp. 792, 803 (D.D.C.1985). When awarding attorney's fees under the Copyright Act, the Court must initially decide whether awarding attorney's fees are appropriate. In deciding whether to award attorney's fees, the court should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535, 114 S.Ct. 1023. After deciding that attorney's fees are appropriate, the court then must determine what constitutes reasonable fees.

██ First, because Twin Sisters deliberately refused to comply with copyright laws, Harrison Music should be awarded attorney's fees. On numerous occasions, ASCAP notified Twin Sisters that their actions constituted infringement and offered them an ASCAP license, but the Twin Sisters repeatedly refused to pur-

chase a license or comply with copyright laws. Rugare Aff. ¶7, Ex. A. The Twin Sisters made a willful and knowing decision not to purchase an ASCAP license. *Blackman,* 620 F.Supp. at 796; *see also Cross Keys Publ'g,* 921 F.Supp. at 482. Harrison Music had no other choice but to resort to litigation to assert its copyright interests, and it should be compensated for asserting those rights. Second, Harrison Music's claims were not frivolous or motivated for malicious reasons. Harrison Music had a valid claim, which is demonstrated by Twin Sisters conceding liability. Am. Answer. Third, while Twin Sisters wants the Court to deny attorney's fees because of their financial situation, this request is not supported by the record or case law. The decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees. *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.,* 198 F.3d 840, 843 (11th Cir.1999). In any event, Twin Sisters did not submit any affidavits concerning their finances or recent documentation as to the profitability of their business. The Court will not deny attorney's fees based on Twin Sister's alleged financial difficulties.

■ While it is clear that costs and attorney's fees are appropriate, the reasonableness of the attorney's fees demanded is not. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Attorney's fees are calculated based on number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 432, 103 S.Ct. 1933; *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545, 1557 (9th Cir.1989). Additionally, the Court may consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* such as novelty and difficulty of the question, the customary fee, the experience, reputation and ability of the attorneys, amount involved and the results obtained, and awards in similar cases. 488 F.2d 714 (5th Cir.1974).[3] Excessive, redundant, or unnecessary hours should be excluded. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The party requesting attorneys fees should submit evidence that supports the hours worked and the rates claimed, *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933, and should make a showing that the time spent was reasonably necessary and that the rate is a customary fee in the area, *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir.1984); *Frank Music Corp.,* 886 F.2d at 1557 (explaining that an attorney's testimony and documentation supports his claim for fees); *see Johnson v. University College,* 706 F.2d 1205, 1207 (11th Cir.1983) (explaining that an attorney's testimony and documentation supports his claim for fees).

■ Here, the supporting documents for the requested amount of attorney's fees is, for the most part, itemized with sufficient particularity to enable the Court to evaluate the roles of the two attorneys representing the plaintiffs. Considering that plaintiffs' lead counsel Mr. Zelenko has practiced law for thirty-three years, twenty-five of which he dealt with ASCAP, his hourly fee of $325 is reasonable and

**3.** The court can consider the following: time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal services properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, experience, reputation, and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Georgia Highway Express, Inc.,* 488 F.2d at 717–20.

appropriate. Pls.' Reply to Defs.' Reply, Ex. C, ¶ 7. However, when considering the novelty and difficulty (or lack thereof) of the case, the amount at stake, and the results obtained, the two attorneys combined put in more time jointly than appears reasonably necessary to address a straightforward case where the plaintiffs admitted their liability from the outset. *See, e.g., Crabshaw Music v. K–Bob's of El Paso, Inc.*, 744 F.Supp. 763, 771 (W.D.Texas 1990) (reducing award of attorney's fees in summary judgment action to $10,498.50). Accordingly, the Court reduces Harrison Music's request for attorney's fees from $15,863 to $10,500 but awards the full amount of costs incurred: $1,503.44.

### III. Order

Upon consideration of the defendant's motion for summary judgment and the opposition thereto, it is, this 28th of September 2003, hereby

**ORDERED** that the plaintiff's motion for summary judgment is GRANTED in part and DENIED in part; and is further

**ORDERED** that the defendants are hereby enjoined from performing, or hosting performances of, ASCAP members' copyrighted music unless or until such time as defendants secure a license for same from the proper source(s); and is further

**ORDERED** that the defendants shall be liable to the plaintiffs in the amount of $10,000 in statutory damages; and it further

**ORDERED** that the defendants shall be liable to the plaintiffs for $10,500 in attorney's fees and $1,503.44 for costs;

**SO ORDERED.**