[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

No. 10-14799
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60335-JIC

LIZZETTE DAWES-ORDONEZ,

Plaintiff - Appellant,

versus

MARY FORMAN, et al.,

Defendants,

REALTOR ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.,

Defendant - Appellee,

MEREDITH DICAROLIS,
REVIER REAL ESTATE CORP.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 17, 2011)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lizzette Dawes-Ordonez appeals the award of attorney's fees to the Realtor Association of Greater Fort Lauderdale, Inc., which prevailed against her complaint of copyright infringement. The district court granted summary judgment in favor of the Association and granted its motion for attorney's fees on the ground that Dawes-Ordonez had sued the Association without providing notice of its alleged infringement. We affirm. Because we find this appeal frivolous, we also grant the motion of the Association to impose sanctions against Dawes-Ordonez under Federal Rule of Appellate Procedure 38, and remand with instructions to determine a reasonable fee for the Association.

The Copyright Act grants the district court the power to award a "reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Attorney's fees "are to be awarded . . . only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 1033 (1994). When the district court weighs

the factors that the Court in Fogerty recommended should "guide courts' discretion," id. at 534 n.19, 114 S. Ct. at 1033 n.19, "'we will not question the court's decision to grant or deny fees absent an abuse of that discretion.'" MiTek Holdings, Inc. v. Arce Eng'g Co., Inc., 198 F.3d 840, 842 (11th Cir. 1999) (quoting Montgomery v. Noga, 168 F.3d 1282, 1303 (11th Cir. 1999)). An abuse of discretion occurs if the district court makes a finding of fact that is clearly erroneous or commits a clear error of judgment. Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1039 (11th Cir. 2010). We consider whether the award of attorney's fees "further[s] . . . the policies of the law that are being enforced, as informed by the court's familiarity with the matter in litigation and the interest of justice.'" Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 854 (11th Cir. 1990) (quoting Casella v. Morris, 820 F.2d 362, 367 (11th Cir. 1987)).

Dawes-Ordonez sued the Association for allegedly infringing a copyright Dawes-Ordonez held for photographs of a residence that she had licensed a realtor to disseminate through a multiple listing service owned by the Association. The district court granted summary judgment in favor of the Association and ruled that Dawes-Ordonez had "constructively delivered" her photographs to the Association and "intended that the [p]hotographs be distributed by" the Association. Dawes-Ordonez does not challenge the summary judgment in favor of the Association.

3

The district court did not abuse its discretion when it awarded attorney's fees to the Association. The district court ruled that Dawes-Ordonez's decision to sue before giving notice to the Association of its alleged infringement was "objectively unreasonable" and "demonstrate[d] a questionable subjective motivation." The district court was entitled to question Dawes-Ordonez's motive in refusing to notify the Association after she had notified the realtors and real estate company that also participated in the alleged infringement. The district court also awarded fees to "deter copyright holders from filing such suits without first attempting to resolve the matter outside of court." The purposes of the copyright laws are served only when parties "litigate meritorious" arguments. Fogerty, 510 U.S. at 527, 114 S. Ct. at 1030. See also MiTek, 198 F.3d at 842–43. When a complaint of infringement is without merit, the district court may consider deterrence, Fogerty, 510 U.S. at 534 n.19, 114 S. Ct. at 1033 n.19, in the exercise of its discretion to award fees.

The Association has requested that we impose sanctions against Dawes-Ordonez for pursuing a frivolous appeal. Fed. R. App. P. 38. Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Because

4

Dawes-Ordonez's challenge to the award of attorney's fees is entirely without merit, we award to the Association double costs and reasonable attorney's fees incurred as a result of this appeal. We remand this action to the district court with instructions to determine the amount of attorney's fees reasonably incurred by the Association and assess that amount against Dawes-Ordonez.

We **AFFIRM** the award of attorney's fees to the Association, we **AWARD SANCTIONS** to the Association under Rule 38, and we **REMAND** with instructions to determine a reasonable fee for the defense of this appeal.