[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12157
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80674-KAM

DAN PRONMAN,
an individual,
GARY PRONMAN,
an individual,

Plaintiffs-Counter
Defendants-Appellants,

MOVIE STAR MUSCLECARS, Inc.,
a Foreign Corporation,

Plaintiff-Counter
Defendant,

versus

BRIAN STYLES,
SAMANTHA STYLES,
SAMANTHA STYLES,
as Trustee of the Samantha Styles Revocable Trust,

Defendants-Counter Claimants
-Counter Defendants-Appellees,

MR. JEFFREY S. GRUBMAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 18, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Dan and Gary Pronman (collectively, the "Plaintiffs"), *pro se* litigants, appeal the district court's granting Brian Styles ("B. Styles"),  Samantha Styles ("S. Styles"), and S. Styles in her capacity as trustee for the S. Styles revocable trust (collectively, the "Defendants") $13,961.16 in attorney's fees incurred while defending against the Plaintiffs' copyright infringement claim.  On appeal, the Plaintiffs' argue that district court abused its discretion in deciding to award the Defendants attorney's fees because their copyright claim had merit.  They also argue that the district court abused its discretion in determining the amount of the fee award the Defendants received.

The law of the case doctrine likely bars the Plaintiffs from challenging the decision to award attorney fees on the copyright claim.  But even assuming that the law of the case doctrine is inapplicable here, the district court did not abuse its

2

discretion in awarding attorney's fees to the Defendants.  The Plaintiffs raised their copyright claim seeking millions of dollars in statutory and actual damages even though they produced no evidence of any actual damages and statutory damages were plainly unavailable.  In addition, the district court did not abuse its discretion in determining the amount of attorney's fees because it represented a permissible choice in a range of options from which the court could freely choose.  Accordingly, we affirm.

## I.

We review the district court's decision regarding an award of attorney's fees for abuse of discretion.  *See Clark v. Hous. Auth. of the City of Alma*, 971 F.2d 723, 728 (11th Cir. 1992).  An abuse of discretion occurs where the district court fails to apply the proper legal standard, fails to follow proper procedures in making its determination, or bases an award upon clearly erroneous findings of fact.  *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010).  This standard usually implies a range of choices, and we will affirm even if we may have decided the matter the other way.  *Id*.  We liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the Copyright Act, the court may award reasonable attorney's fees to the prevailing party.  17 U.S.C. § 505.  To determine whether a fee should be granted, the district court must weigh the relevant factors and exercise its

3

discretion. *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). These factors include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *Id*. We only apply these factors when they are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an even-handed manner. *Id*.

Assuming the plaintiff proves copyright infringement, the plaintiff may recover either his "actual damages and any additional profits of the infringer" or statutory damages of (1) up to $30,000 per work, or (2) up to $150,000 per work if the infringement was willful. 17 U.S.C. § 504(a)–(c). To prove actual damages, the plaintiff must "demonstrate a 'causal connection' between the defendant's infringement and an injury to the market value of the plaintiff's copyrighted work at the time of infringement." *Montgomery v. Noga,* 168 F.3d 1282, 1294 (11th Cir. 1999). This injury is usually "measured by the revenue that the plaintiff lost as a result of the infringement." *Id.* at 1295 n.19. With respect to profits, the plaintiff must show a causal relationship between the infringement and profits and present proof of the infringer's gross revenue. *See* 17 U.S.C. § 504(b); *Montgomery,* 168 F.3d at 1296. No award of statutory damages is permitted where any infringement of a copyright commenced after first publication of the work and before the

4

effective date of its registration, unless such registration is made within three months after the first publication of the work.  *See* 17 U.S.C. § 412.

The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality, and obedience within the judicial system.  *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).  An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal.  *Id.*

In *Burger King Corp. v. Pilgrim's Pride Corp.*, we held that our earlier decision awarding attorney's fees incurred on appeal to the prevailing party in a trademark case was law of the case that prevented the losing party from challenging the district court's authority to award attorney fees in the case.  *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994).  In *Burger King*, the district court held a jury trial on the trademark claim and the jury ruled in favor of the plaintiff.  *Id.*  In its final judgment, the district court ruled that the plaintiff was entitled to attorney fees.  *Id.*  The defendant appealed before the district court determined the amount of fees, and we affirmed without opinion.  *Id.* We also granted the plaintiff's petition for appellate attorney's fees and remanded the case for a determination of the amount of the fee award.  *Id.*  Upon remand, the district court determined the amount of attorney's fees, and the defendant appealed again, challenging the propriety of the award, not the amount.  *Id.* at 168.  Upon

5

appeal for a second time, we held that our earlier decision necessarily decided that the plaintiff was entitled to fees, such that that law of the case doctrine applied. *Id*. at 169.

As an initial matter, it appears that the law of the case doctrine bars the plaintiffs from challenging on appeal the ruling regarding entitlement to attorney fees for the copyright claim. But even assuming *arguendo* that the law of the case doctrine does not apply, the district court did not abuse its discretion in awarding attorney's fees to the Defendants. Here, the Plaintiffs claimed $150,000 per photograph in statutory damages. They were clearly not entitled to these damages because any infringement occurred years before they obtained registration for their copyright. *See* 17 U.S.C. § 412. Furthermore, despite requesting $8,000,000 in damages, the Plaintiffs offered no evidence to support an award of actual damages. The Plaintiffs failed to provide any evidence whatsoever demonstrating lost revenue for the photographs, profits to the Defendants from using the photographs, or that the alleged infringement impaired the value of their photographs. *See* 17 U.S.C. § 504(a)–(c); *Montgomery,* 168 F.3d at 1296. Despite the inability to receive any damages through their copyright claim, the Plaintiffs still raised it and consequently clouded title to property owned by S. Styles. Thus, the factors supported a fee award to the Defendants, and were applied consistently with the goals of the Copyright Act. *See MiTek Holdings, Inc.*, 198 F.3d at 842. Therefore,

6

the district court did not abuse its discretion in awarding the Plaintiffs attorney's fees.

## II.

Section 505 of the Copyright Act contains only two requirements for awarding attorneys' fees: (1) the fees must be awarded to the prevailing party, and (2) the amount of fees awarded must be reasonable. *See* 17 U.S.C. § 505. In determining the reasonableness of a fee, we consider the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesireability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 n.37 (11th Cir. 1990). A showing of bad faith or frivolity is not a precondition to awarding attorney's fees. *Id.* at 853.

When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis, or it may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

7

In *Fox v. Vice*, the Supreme Court held that a defendant could receive fees as a prevailing party for frivolous claims brought under 42 U.S.C. § 1988 even if the plaintiff also raised non-frivolous claims. *Fox v. Vice*, 563 U.S. 826, 834–35 (2011). A defendant may not obtain compensation for work unrelated to a frivolous claim, and the district court is required to determine whether the requested fees would have accrued but for the frivolous claims. *Id*. at 835-36. "The dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id*. at 838. The purpose of fee shifting under 42 U.S.C. § 1988 is to relieve defendants of the burdens associated with fending off frivolous litigation. *Id*. at 836.

The district court did not abuse its discretion in setting the fee amount awarded to the Defendants for costs incurred in defending against the Plaintiffs' copyright claim. As an initial matter, the Plaintiffs' assertion that *Fox v. Vice* should guide the determination of the amount of the fee award is unavailing. *Fox v. Vice* governs the award of fees within the context of claims brought under 42 U.S.C. § 1988, for which the purpose of fee shifting is to relieve defendants of the burdens associated with fending off frivolous litigation. *Id*. In this case, fee shifting for the Plaintiffs' copyright claim need not be based on a showing of frivolity of bad faith. *See MiTek Holdings, Inc.*, 198 F.3d at 842. Moreover, the

8

district court's decision to compensate the Defendants for attorney's fees based on invoices that did not specifically mention the copyright claim was not an abuse of discretion because it represented an interpretation of "reasonable" fees under the Copyright Act. *See Bostic*, 613 F.3d at 1039. The Defendants clearly incurred a portion of their attorney's fees defending against the copyright claim, which focused on the publication of the Plaintiffs' photographs, whereas the other claims specifically pertained to the Plaintiffs' trademarks and website. While the district court was not required to award compensation in this manner, its decision represented one choice in a range of permissible options from which it was free to choose. *Id.*

**AFFIRMED.**