[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————————

No. 23-12051

Non-Argument Calendar

———————————————

AFFORDABLE AERIAL PHOTOGRAPHY, INC,

Plaintiff-Appellee,

*versus*

JORIS C. REYES,

Defendant,

WC REALTY GROUP. INC.,
d.b.a. Century 21 WC Realty,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81256-DMM

———————————————

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

In this appeal, we address the district court's denial of a motion for prevailing-party attorneys' fees under the Copyright Act, 17 U.S.C. § 505. We find no reversible error, so we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In August 2022, Affordable Aerial Photography, Inc. ("AAP"), sued WC Realty Group, Inc. ("WC Realty") and Joris Reyes alleging that Reyes had engaged in copyright infringement and that WC Realty had vicariously engaged in the same. In October, AAP dismissed its claims against Reyes and filed an amended complaint only against WC Realty. Three days after the amended complaint was filed, WC Realty moved to dismiss under Fed. R. Civ. P. 12(b)(6). Four days after the motion to dismiss was filed, AAP filed a notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

WC Realty later moved for attorneys' fees under Section 505, which provides that a "court in its discretion may allow the recovery of full costs by or against any party" and "may award a reasonable attorney's fee to the prevailing party as part of the

---

[1] The district court entered an order closing the case that noted that the case had been voluntarily dismissed under Fed. R. Civ. P. 41(a)(1)(A)(i). Because WC Realty had not filed an answer or motion for summary judgment, AAP's notice of dismissal was, in fact, self-executing. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1264-65 (11th Cir. 2021).

costs." 17 U.S.C. § 505. WC Realty sought "$37,790.00 in fees . . . to be supplemented based on" further proceedings. AAP opposed WC Realty's motion.

The district court denied WC Realty's motion. After reviewing the record, it explained that the case had ended with the filing of a voluntary dismissal with prejudice less than two months after suit was brought and days after a motion to dismiss had been filed. It also observed that it had made "no determination as to the validity of" AAP's claims and that "[t]he fee litigation ha[d] surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal." WC Realty moved for reconsideration, but the district court denied that motion as well, reiterating that "[v]iewing all the circumstances of the case, [and] in light of the Copyright Act's essential goals" it saw "no reason to award fees . . . ."

WC Realty appeals. It argues that the district court applied an incorrect legal standard; failed to follow proper procedures; erred in concluding that its request for fees was contrary to the Copyright Act's purposes; and failed to adequately explain its decision.

## II. STANDARDS OF REVIEW

We review *de novo* whether a party is a prevailing party. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375 (11th Cir. 2022). We review the decision to grant or deny a motion for fees to a prevailing party for an abuse of discretion. *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). "If the district court weighed the proper factors, then 'we will not

question the court's decision to grant or deny fees absent an abuse of that discretion.'" *Id.* (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999)). "[T]he abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).

### III. DISCUSSION

The term "prevailing party" is a term of art. "The 'touchstone of the prevailing party inquiry'" is whether there has been a "material alteration of the legal relationship of the parties" that has been "marked by judicial *imprimatur.*" *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir.), *pet. for reh'g filed* (Aug. 20, 2024) (first quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989); and then quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)). In other words, to obtain prevailing party status, a "court itself must act to reject or rebuff the plaintiff's claims." *Id.* at 1363; *see also id.* at 1365 ("[S]ome judicial action rejecting or rebuffing a plaintiff's claim is necessary to endow a defendant with prevailing-party status . . . ."); *Royal Palm Props.*, 38 F.4th at 1376 (explaining that a prevailing party "must be awarded some relief on the merits of its claim *by the court*" (emphasis added)).

As we noted above, AAP's action against WC Realty was dismissed without court involvement—automatically—when AAP filed its notice of voluntary dismissal under Fed. R. Civ. P.

23-12051          Opinion of the Court          5

41(a)(1)(A)(i). *See Absolute Activist*, 998 F.3d at 1265 ("[A] plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing, and thus no further court order is necessary to effectuate the dismissal." (alteration adopted, internal quotations and citation omitted)); *see also Affordable Aerial*, 108 F.4th at 1364-65 & n.5 (explaining that a dismissal under Rule 41(a)(1)(A)(i) "takes effect without a court order" (internal quotation omitted)). We recently concluded, in *Affordable Aerial*, that this feature of Rule 41(a)(1)(A)(i)—that it produces dismissal without the district court entering any order—made it so that a plaintiff's dismissal *without* prejudice under Rule 41(a)(1)(A)(i) did not entitle a defendant to prevailing-party status and fees under the Copyright Act. *See Affordable Aerial*, 108 F.4th at 1364-65. In concluding as much, we explained that, in *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007), we concluded that "a defendant can be considered the prevailing party after a voluntary dismissal *with* prejudice," *id.*, but that the voluntary dismissal in *Mathews* had "'clearly rebuffed with the court's *imprimatur*' the plaintiff's claims" against the defendants "and prevented the plaintiff from re-litigating those same claims in the future," *id.* at 1364 n.6 (quoting *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1301 (11th Cir. 2021)). In *Affordable Aerial*, on the other hand, even if the plaintiff's voluntary dismissal without prejudice might bar—because of the statute of limitations—later efforts by the plaintiff to successfully litigate its claim, that "[wa]s not owed to any action of the district court." *Id.* at 1365.

Here, the claims in AAP's first amended complaint were not rejected or rebuffed by the district court, so the dismissal is more

like *Affordable Aerial* than *Mathews*.  While *Mathews* instructs that some voluntary dismissals with prejudice can entitle a defendant to prevailing-party status, we have not held that they always entitle a defendant to prevailing-party status, and the facts here do not warrant such a conclusion.  *See Mathews*, 480 F.3d at 1276-77.[2]  As the district court noted, AAP voluntarily dismissed its suit four days after WC Realty's motion to dismiss was filed and before the court had ruled on any substantive motion in the case.  The record is silent on why AAP moved to dismiss its suit with prejudice, and it would not have needed the court's permission to do so without prejudice.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Simply put, the facts of this case are "not the stuff of which [a defendant's] legal victories are made."  *Affordable Aerial*, 108 F.4th at 1365 (alteration in original) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).  We therefore affirm the denial of fees under § 505 because WC Realty was not the prevailing party.  *See Fla. Wildlife Fed'n Inc. v. United States Army Corps of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017) ("We may affirm the district court's ruling on any basis the record supports.").

Even if WC Realty were the prevailing party, we are unconvinced that the district court abused its discretion in concluding that fees were unwarranted given the circumstances of the case we

---

[2] We also explained in *Affordable Aerial* that, in *Mathews*, "it appears that the district court entered an order granting the plaintiff's motions for voluntary dismissals under Rule 41(a)(2)"—further distinguishing that case from this one as well.  *Affordable Aerial*, 108 F.4th at 1364 n.6; *see also* Fed. R. Civ. P. 41(a)(2) (providing for voluntary dismissal by court order "on terms that the court considers proper").

23-12051                Opinion of the Court                7

have already discussed. *See Rasbury*, 24 F.3d at 168. The Copyright Act provides district courts with discretion to determine whether fees are warranted, 17 U.S.C. § 505, and the district court provided a well-reasoned and cogent explanation for its exercise of discretion here: (i) AAP dismissed its case voluntarily with prejudice shortly after the motion to dismiss without any determination on the merits of its claims; and (ii) fees would not advance the purposes of the Copyright Act. We conclude that the district court "weighed the proper factors" and we do not discern an abuse of discretion. *MiTek Holdings*, 198 F.3d at 842.

### IV. CONCLUSION

For these reasons, we affirm the district court's well-reasoned orders.

**AFFIRMED**.[3]

---

[3] AAP moves to dismiss WC Realty's appeal as frivolous. We **DENY** that motion.