The CUBAN MUSEUM OF ARTS AND CULTURE, INC., Ramon Cernuda, Alfredo Duran, and Santiago Morales, Plaintiffs,

v.

The CITY OF MIAMI, Defendant.

No. 91–0656–CIV.

United States District Court, S.D. Florida.

Aug. 9, 1991.

Maurice Rosen, North Miami, Fla., for plaintiffs.

Jorge L. Fernandez, City Atty., Warren Bittner, Asst. City Atty., Miami, Fla., for defendant.

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court upon the plaintiffs' motion for attorneys' fees and costs. In their motion, the plaintiffs seek attorneys' fees pursuant to 42 U.S.C. § 1988, costs pursuant to 28 U.S.C. § 1920, and expenses pursuant to *Dowdell v. City of Apopka,* 698 F.2d 1181, 1190, 1192 (11th Cir.1983). In its response to the plaintiffs' motion, the defendant has not challenged the plaintiffs' entitlement to reasonable attorneys' fees, costs, and expenses, but has instead raised specific objections to some of the requested fees, costs, and expenses. In fact, the City has merely asked that the requested fees, costs, and expenses be "reduced to the limited extent" of the objections set forth in its response. City's Response to Plaintiff's Motion for Attorneys' Fees and Costs at 3. Accordingly, the only issue to be resolved by this court is the amount of the attorneys' fees, costs, and expenses which the plaintiffs are entitled to recover from the defendant.

I. ATTORNEYS' FEES

In its papers seeking attorneys' fees, the plaintiffs have asserted that the hours expended by plaintiffs' counsel and the corresponding hourly rates are as follow:

| ATTORNEY | HOURS EXPENDED | HOURLY RATE | TOTAL |
|---|---|---|---|
| Bruce Rogow | 114.00 | 275.00 | 31,350.00 |
| Carlos De Zayas | 40.05 | 175.00 | 7,008.75 |
| | | TOTAL | $38,358.75 |

The defendant, however, has objected to the amount of attorneys' fees sought by the plaintiffs. It has argued that the amount of fees sought is excessive because part of the time expended by plaintiffs' counsel was unreasonably expended and because the hourly rates claimed by plaintiffs' counsel are unreasonable.

In determining an award for attorney's fees, this court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate. *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The court may then consider whether this amount is to be adjusted for extraordinary results. *Id.* at 1302.

In this case, the court finds that the rates charged by plaintiffs' counsel were indeed reasonable given the type of case and the experience, skill, and reputation of counsel. *See id.* at 1299. Plaintiffs' attor

neys provided information regarding their skill and experience, as well as the affidavit of a third party (Neil P. Chonin, Esq.) who confirms that the rates claimed are in accordance with the prevailing market rates charged in similar cases by attorneys with comparable skills, reputations, and experience. Although the defendant has filed contradicting affidavits (Affidavit of Fred Richard Ober, Esq. and Affidavit of Peter Joseph Hurtgen, Esq.), this court nonetheless finds that the plaintiffs' affidavits and exhibits, as well as the court's experience in these matters, serve to confirm that the hourly rates claimed are reasonable.

The court also finds that the hours expended by counsel in litigating this case were, for the most part, reasonable and compensable expenditures of time. The plaintiffs have filed affidavits disclosing the hours spent by Mr. Rogow and Mr. De Zayas in preparing this case and describing the manner in which that time was spent. The court finds that the efforts of counsel, although sometimes expended on the same aspect of a case (such as attendance and consultation at the preliminary injunctive hearing), were neither duplicative nor redundant. The affidavits reveal frequent communication among the attorneys representing the plaintiffs in a coordinated, not redundant, representation. Moreover, the court notes that although Messrs. Rosen and Blutstein also spent time in the representation of the plaintiffs, no fees are sought in connection with their efforts.

■ Nonetheless, the defendant has argued that the plaintiffs have claimed other expenditures of time for which this court should not award attorneys' fees. The defendant argues that Mr. Rogow's travel time to and from Ft. Lauderdale (a total of 3 hours of travel time) should be disallowed because the plaintiffs could have sought other skilled counsel in Miami. Yet, simply because this case is assigned to the Miami division of the Southern District of Florida does not make it unreasonable for the plaintiffs to have hired counsel working within a neighboring division of the district, particularly when the plaintiffs were seeking an attorney with particular skill, reputation, and experience. Moreover, the court notes that the travel time claimed by Mr. Rogow is no greater than the travel time that many attorneys working within the Miami division of this court would face when travelling to hearings in downtown Miami.

■ The defendant still claims that an additional 5.75 hours of the time claimed by Mr. De Zayas constitute an unreasonable expenditure of time. The defendant's objections come in connection with the 3 hours Mr. De Zayas spent on the preparation of subpoenas duces tecum and with the 2.75 hours he spent on research to amend the complaint to include an equal protection argument. Although it may indeed be appropriate for members of an attorney's staff to handle clerical work involving the preparation of subpoenas duces tecum, this court cannot say that the 3 hours spent by Mr. De Zayas are unreasonable. This case involved a great deal of documentary evidence that was crucial in evaluating the plaintiffs' claims. Moreover, the legal expertise and judgment of counsel ensure that relevant documents will be obtained from the proper individuals and entities with the proper authentication and within a short period of time. Given the speed, accuracy, and precision required in obtaining these documents for the hearing of April 8, 1991, the court finds that these 3 hours were a reasonable expenditure of time. On the other hand, the other 2.75 hours objected to by the defendant indeed seem unreasonable. Mr. De Zayas' research to amend the complaint to include an equal protection argument was conducted after the initial evidentiary hearing held on April 8, 1991. Moreover, the research was conducted on the very day that the plaintiffs gave their consent to the consolidation of the hearing with the full trial on the merits. At no point did the plaintiffs raise an equal protection argument and at no point did they seek leave to amend their complaint; instead, the plaintiffs represented to the court that they had fully presented their case. Given the facts of this case and the time at which the disputed research was conducted, the court finds that these 2.75 hours were not a reasonable expenditure of time.

For these reasons, the hours expended and the resulting fees are reduced as follows:

| ATTORNEY | HOURS EXPENDED | HOURLY RATE | TOTAL |
|---|---|---|---|
| Bruce Rogow | 114.00 | 275.00 | 31,350.00 |
| Carlos De Zayas | 37.30 | 175.00 | 6,527.50 |
| | | TOTAL | $37,877.50 |

■ Finally, although the plaintiffs have not expressly asked that this court enhance the attorneys' fees arrived at by the lodestar method, the plaintiffs have alluded to the fact that enhancement is justified by extraordinary results and by the difficulty of particular cases. *See Norman*, 836 F.2d at 1302. Although the result in this case may have been excellent from the plaintiffs' perspective, the results are not so extraordinary nor was the quality of representation so superior to that reflected in the hourly rate that this court should enhance the lodestar. *See id.* The lodestar's reasonable hourly rate has already reflected the difficulty of this type of case and the fine quality of representation.

## II. COSTS AND EXPENSES

■ In connection with that portion of the plaintiffs' motion that seeks costs and expenses, the defendant has objected solely to the $147.75 incurred in connection with the plaintiffs' use of messengers and Federal Express service. While this court finds that the use of a messenger service in connection with the filing and service of the complaint and motion for preliminary injunction was reasonable, the court similarly finds that the use of messengers and Federal Express service was not a reasonable expense in connection with the service of other papers. At the April 8, 1991 hearing, the defendant agreed not to proceed with the state court action until this court's decision was announced. Therefore, although the plaintiffs may have desired the expedited resolution of their case, the heightened expenses incurred in connection with the use of messengers and Federal Express service were not reasonable after the April 8, 1991 hearing. Accordingly, the costs and expenses sought by the plaintiffs are hereby reduced by $100.

## III. CONCLUSION

After careful review and consideration of this matter, and the court being otherwise fully apprised in the premises, it is

ORDERED and ADJUDGED that attorneys' fees in the amount of $37,877.50 are hereby awarded to the plaintiffs. It is further

ORDERED and ADJUDGED that costs and expenses in the amount of $1,300.45 are hereby awarded to the plaintiffs.

DONE and ORDERED.